| |
|---|
| **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** |
| **KIRSTEN B. ENNIS, LLC**<br>50 Division Street, Suite 102<br>Somerville, NJ 08876<br>(908) 713-0345<br>(908) 713-0297 (fax)<br>mail@ennislegal.com<br><br>**Kirsten B. Ennis, Esq. (KE7927)**<br>Attorney for Mary Cudjoe, Plaintiff |

| | |
|---|---|
| MARY CUDJOE,<br><br>                                  Plaintiff<br>vs.<br><br>VENTURES TRUST 2013I-H-R BY MCM CAPITAL PARTNERS, LLLP FKA MCM CAPITAL PARTNERS LLC, AS TRUSTEE; BANK OF AMERICA N.A. AKA BAC HOME LOANS SERVICING, LP, BSI FINANCIAL SERVICES; KELLER WILLIAMS MONMOUTH OCEAN; IFTIKHAR HAQ; COLDWELL RESIDENTIAL BROKERAGE; FREEMAN JEFFREY SMITH; WILLIAM BRAUKMANN AND KIMBERLY BRABRAUKMANN; JOHN DOES Nos. 1-10; and ABC CORPORATIONS Nos. 1-10.<br>AND RELATED CROSS-ACTIONS | Case No.: 18-10158<br><br>Judge:   The Hon. Anne E.<br>            Thompson, USDC |

**FIRST AMENDED COMPLAINT FOR RECOVERY FOR DAMAGES, PUNITIVE DAMAGES AND RELATED STATUTORY RELIEF**

**JURISDICTION**

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**PARTIES**

2. Plaintiff Mary Cudjoe (hereinafter "Plaintiff") is an individual currently residing at 285 Roseville Ave., Newark, NJ.

3.      Plaintiff owns real property located at 516 County Road 513, Pittstown, NJ.("the subject property").

4.      Defendant Ventures Trust 2013 I-H-R by MCM Capital Partners LLLP fka MCM Capital Partners LLC (hereinafter "MCM Capital") is business entity form unknown, operating in the financial sector and having a principal place of business at 7500 Old Georgetown Rd # 1300, Bethesda, MD 20814.

5.      Plaintiff had previously purchased the subject property with funds received from a Promissory Note and Mortgage entered into with Countrywide Mortgage and the predecessor-in-interest to Defendant MCM Capital.

6.      Defendant Bank of America N.A. (formerly doing business as BAC Home Loans Servicing, LP) ("BANA") is a business entity form unknown, operating in the financial sector and having a principal place of business at 6400 Legacy Drive, Plano, TX.

7.      Defendant BSI Financial Services ("BSI") is a business entity form unknown engaged in the business of mortgage loan servicing with a business address of 314 S. Franklin Street, Titusville PA 16354.

8.      Defendant Keller Williams Monmouth/Ocean is a licensed real estate brokerage with a principal place of business of 2275 West County Line Road, Jackson, NJ.

9.      Defendant Iftikhar Haq is a licensed real estate agent residing and doing business in the State of New Jersey.  Defendant Haq is an employee of Keller Williams Monmouth/Ocean.

10.     Defendant Coldwell Residential Brokerage is a licensed real estate brokerage with a principal place of business at 186 Center Street, Suite 150, Clinton, NJ.

11. Defendant Freeman Jeffrey Smith is a licensed real estate agent residing and doing business in the State of New Jersey. Defendant Smith is an employee/agent of Defendant Coldwell Residential Brokerage.

12. Defendants William Braukmann and Kimberly Braukmann (hereinafter "the Braukmanns") are individuals currently residing at 516 County Road 513, Pittstown, NJ.

13. John Does No. 1-10, fictitious parties whose identities are not yet known.

14. ABC Corporations Nos. 1-10, fictitious entities whose true identities are not yet known, including but not limited to the prior servicer of the loan.

## FACTUAL ALLEGATIONS

15. At all times material herein, Plaintiff was and remains the owner of record for the property located at 516 County Road 513, Pittstown, NJ ("the Subject Property").

16. Plaintiff's husband Mr. Cudjoe passed away in 2011 leaving Plaintiff to care for their 3 children, ages 14, 18 and 28 years old.

17. At this time the Note and Mortgage encumbering the subject property were held by Defendant Bank of America N.A. and serviced by its subsidiary, BAC Home Loans Servicing (hereinafter referred to a "BANA" for sake of simplicity).

18. Ms. Cudjoe's husband was diagnosed with lymphoma in 2010 and it was rapid moving. Due to him undergoing chemotherapy and cancer treatments he was out of work and he was on disability. The family started to fall behind on its bills and the mortgage, and the family car was repossessed.

19. Plaintiff applied for a modification loan on the mortgage and was denied. Thereafter, Plaintiff started to receive foreclosure notices from BANA, which were served by the Hunterdon County Sheriff's Department.

20. Ms. Cudjoe's husband passed away on February 16, 2011. On February 17, 2011, Plaintiff received news that her mother in law had also passed. The family business that was her only source of income was suffering. Plaintiff had to start working an additional job and would leave the house at six and return at eight at night which would keep her from her youngest child a freshman in high school at Delaware Valley Regional High School. Often her daughter would get off the bus at a neighbor's and be at home alone for various hours. Plaintiff was working hard to make ends meet and provide for her children.

21. Once the school year ended Plaintiff was able to secure two rooms at the building she worked in Newark so that she could be with her daughter and make sure she was safe. Plaintiff's son who was attending college at Raritan Valley Community College stayed at the home and Plaintiff would return to the house on the weekends but was not able to maintain the grounds of the subject property. Plaintiff managed to keep the lights on but was still falling behind on the mortgage.

22. In or around early 2014, Plaintiff alleges on information and belief that BANA retained Keller Williams Monmouth/Ocean to list the subject property for sale.

23. Plaintiff alleges on information and belief and a contractual agency relationship was formed between BANA and Keller Williams and that Keller Williams was acting on the specific instructions of BANA.

24. Thereafter, Plaintiff was contacted by Defendant Iftikhar Haq of Keller Williams who advised that he was listing the property for sale on behalf of BANA.

25. Defendant Haq informed Plaintiff that she was required to sign certain documents. Under pressure from Defendant Haq, Plaintiff signed these documents without an understanding of what they were and without an opportunity to review them.

26. In June of 2014, Plaintiff's son returned to the subject property and encountered someone changing the locks and rummaging through the home. Plaintiff's son confronted the person changing the locks and was told that the individual worked for the mortgage company. Plaintiff alleges on information and belief that the property preservation company responsible for the lock out was hired directly by BANA.

27. This was reported to the state police and the next day the police came to the house. The State Police said the man had authorization from the mortgage company to change the lock and Plaintiff was further informed that she could call BANA to see if she could retrieve her belongings. Plaintiff did call BANA and they gave her a code for the locks to go in and remove her belongings.

28. Plaintiff thereafter contacted BANA about her options to cure the arrears and return to the subject property. BANA provided Plaintiff with a list of companies which could allegedly help her regarding her situation. Plaintiff attempted to apply for a loan modification but was told that she would be denied based on a lack of income resulting from her husband's passing. The true facts were that Plaintiff could have qualified for a loan modification that would have allowed her to reinstate the loan on the subject property.

29. In late 2014, Plaintiff's Note and Mortgage were sold to Defendant MCM Capital and the servicing rights were transferred to Defendant BSI.

30. Plaintiff alleges on information and belief that Defendants MCM Capital and BSI continued to retain Defendants Keller Williams and Haq and instructed Keller Williams/Haq to proceed with the plan to sell the subject property.

31. Defendant BSI continued to inform Plaintiff that her only remedy to resolve the foreclosure process was either to execute a Deed-in-Lieu of Foreclosure or to go through with the short sale.

32. In November 2014 Defendant Haq emailed Plaintiff a Business Disclosure document which he said he needed to allow him to sell the property for the MCM Capital. Plaintiff again signed at his insistence not knowing at the time that she was not required to sign any such document.

33. At or around this time Defendants William and Kimberly Braukmann were looking to purchase a residential property and had retained Defendant Coldwell Banker to act as their real estate agents.

34. In January 2015 Defendant Haq informed Plaintiff that the home was being sold in a short sale.

35. The Braukkmanns retained Freeman Jeffrey Smith, and Coldwell Banker who eventually came upon the listing for the subject property and contacted Defendant Haq and Keller Williams regarding same.   Negotiations then commenced regarding a sale price. Eventually a contract of sale was drafted but could not qualify for a short sale as it was determined that there were junior liens against the subject property.

36. While the negotiations were taking place, the Brackman's took it upon themselves to move into the Subject Property.    Upon information and belief, Plaintiff alleges that Coldwell Banker failed to inform the Brackman's of the existence of the junior liens and instead told them that all conditions for a short sale had been met. With the full knowledge and consent of Coldwell Bankers, the Braukmanns made substantial improvements to the Subject Property.

37. Defendants MCM Capital, BSI, Keller Williams as well as Coldwell Banker realized that Plaintiff would be unable to cure the junior liens and therefore the short sale could not be completed.

38. Plaintiff believes the Braukmanns were informed of such but instructed Coldwell Bankers to do whatever was necessary to allow them to acquire the property.

39. At the instructions of the Braukmanns, Defendant Haq e-mailed Plaintiff and informed her that she was obligated to extend the short sale for another 6 months. Plaintiff again signed the necessary papers to extend the short sale date, not knowing that she was not obligated to agree to an extension of the sale.

40. In August 2015, Plaintiff received a telephone call at her work place from Defendant William Braukmann informing Plaintiff that he and his wife, Defendant Kimberly Braukmann, had moved into the subject property and wanted to purchase it.

41. Plaintiff asked how they could have moved in without her permission and was informed by Mr. Braukmann that Defendant Haq had allowed them to move in contingent on the short sale.

42. Defendant Braukmann informed Plaintiff that the parties needed to execute a lease agreement. In a number of communications, the Braukmanns pressured Plaintiff to sign the lease alleging that Plaintiff was legally obligated to do so.

43. BSI, the Keller Williams Defendants and the Braukmanns deceived Plaintiff in believing that she had no other choice but to sign the lease documents and further deceived Plaintiff into believing that such was necessary to effectuate the short sale of the property which the Defendants falsely claimed was the only way to resolve the foreclosure case.

44. On information and belief, Plaintiff alleges that Defendant MCM Capital, Defendant BAC, Defendant Keller Williams and Defendant Coldwell Residential Banker, feared that they would be liable to Plaintiff for damages. In addition, the Braukmanns refused to leave the subject property under any circumstances. Accordingly, these parties conspired to force Plaintiff to lease the subject property to the Braukmanns.

45. Upon information and belief, Defendant Coldwell Banker and/or Keller Williams, through their perspective agents, prepared a lease whose terms were favorable to the Braukmanns. A true and correct copy of said Lease is attached hereto as Exhibit A.

46. Exhibit A contains the following critical language:

> Landlord leases to Tenant and Tenant leases from Landlord the Premises on a month-to-month basis for a minimum period of one-year with the Tenant having the exclusive option to extend the term of this lease.

47. Plaintiff alleges on information and belief, that Defendants attempted to create a perpetual interest in favor of the Braukmanns and thus avoid any liability on their own part.

48. Thereafter, Plaintiff was presented with the Lease Agreement and told by Defendants Haq and the Braukmanns that Plaintiff was required to sign such.

49. During the time that Plaintiff was being pressured to sign the lease agreement, Defendants MCM Capital, BAC, Defendants Haq, Keller Williams and the Braukmanns told Plaintiff that this was the only solution and that there was no other way for Plaintiff to retain the property for herself.

50. The Lease called for monthly payments in the amount of $1,250.00 and no security deposit.

51. The Braukmanns made only two or three rent payments directly to the Plaintiff. The last rent payment received by Plaintiff was in December of 2016 and Plaintiff is owed over $15,000 in rental payments.

52. In 2017, Plaintiff re-applied for loss mitigation assistance. However contrary to Defendant MCM Capital and/or BANA's earlier assertions, Plaintiff was granted a loan modification and is currently making payments under the modification.

### FIRST CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
**(Against MCM Capital and BSI)**

53. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

54. At all times material herein, MCM Capital through its servicing agent, Defendant BSI, represented to Plaintiff that her only option to avoid foreclosure and a potential deficiency judgment against her was to agree to a short sale of the property.

55. Plaintiff alleges that the true facts that were known to MCM Capital and/ or BSI were that Plaintiff was eligible for loss mitigation which would have reinstated her loan. MCM and/or BSI failed to disclose these facts in part, to mask its own liability when the potential buyers were allowed to make substantial improvements to the subject property.

56. Plaintiff alleges upon information and belief MCM Capital and BSI violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692e, by providing false or misleading representations or means in connection with attempting to collect on the Plaintiff's default under their loan.

57. Plaintiff alleges upon information and belief that MCM Capital and BSI knew or should have known the representations made to Plaintiff were incorrect and/or misrepresentations.

58. Plaintiff alleges upon information and belief that MCM Capital and BSI violated the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt, pursuant to 15 U.S.C. § 1692f.

**WHEREFORE**, Plaintiff requests that judgment be entered awarding:

(a) Actual damages;

(b) Statutory damages of $1,000.00 per violation;

(c) Attorney's fees, and costs; and

(d) Such other relief as the Court deems just and equitable.

**SECOND CAUSE OF ACTION FOR VIOLATION OF THE CONSUMER FRAUD ACT**
**(Against MCM Capital, BANA, BSI, Iftikhar Haq, Keller Williams and the Braukmanns)**

59. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

60. BANA, MCM Capital and its servicing agent, BSI, violated the New Jersey Consumer Fraud Act, *N.J.S.A.* § 56:8-2, by engaging in unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts in connection with the handling of Plaintiff's Mortgage.

61  BANA, MCM and/or BSI affirmatively represented to Plaintiff that she would not be able to reinstate her loan and that a short sale was the only way to resolve the pending foreclosure.

62. The true facts were that Plaintiff was otherwise eligible for a mortgage modification and could have reinstated the loan.

63. Furthermore, Defendant Haq and Defendant Keller Williams abetted MCM Capital in its fraudulent conduct by further representing to Plaintiff that she needed to carry through with the short sale.

64. Thereafter Defendants Haq, Keller Williams and the Braukmanns represented to Plaintiff that she was obligated to lease the property to the Braukmanns even though Plaintiff could have reinstated the loan and returned to take possession of the subject property.

65. Plaintiff alleges on information and belief that Defendants Haq, Keller Williams and the Braukmanns falsely represented to Plaintiff that she was obligated to lease the Subject Property in order to avoid any potential liability to the Braukmanns.

66. Plaintiff has suffered ascertainable loss as a result of the above referenced actions and unconscionable commercial practices in an amount not yet ascertained. Plaintiff will seek leave to amend this Complaint when such amount has been ascertained.

**WHEREFORE**, Plaintiff requests an entry of judgment:

(a) Awarding her actual damages of three times the loss caused by the violations of the Consumer Fraud Act, pursuant to *N.J.S.A.* 56:8-19;

(b) Awarding her compensatory and punitive damages in connection with fraudulent omissions;

(c) Awarding her attorney's fees and costs in connection with their Consumer Fraud Act claims, as provided for under *N.J.S.A.* 56:8-19;

(d) Offsetting the award of damage against any amount outstanding under the Note and discharging the mortgage and any other encumbrance defendants may have imposed upon their property; and

(e) Awarding any other relief as is just and equitable.

### THIRD CAUSE OF ACTION FOR FRAUD IN THE INDUCEMENT
(**Against MCM Capital, BSI, Iftikhar Haq, Keller Williams and the Braukmanns**)

67. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

68. In or around late 2014, Defendant MCM and/or its servicing agent, BSI affirmatively represented to Plaintiff that she would not be able to reinstate her loan and that a short sale was the only way to resolve the pending foreclosure. When Plaintiff attempted to apply

for a loan modification she was told by a representative of MCM and/or BSI that she would be denied and needed to proceed with a short sale of the property or a Deed in Lieu,

69. The true facts were that Plaintiff could have qualified for a loan modification that would have allowed her to reinstate the loan on the subject property. Based on information and belief, Plaintiff alleges that MCM Capital and BSI were aware of said facts and failed to disclose same to Plaintiff. Instead MCM Capital and BAC concealed these facts and attempted to force Plaintiff into a short sale.

70. Defendant MCM Capital and BSI intended for Plaintiff to rely on those representations and Plaintiff justifiably relied upon those representations and co-operated with the real estate agents (Haq and Keller Williams) assigned by MCM Capital to handle the short sale.

71. Defendant Haq and Defendant Keller represented to Plaintiff that she needed to carry through with the short sale and thereafter represented to Plaintiff that she was obligated to lease the property to the Braukmanns even though Plaintiff could have reinstated the loan and returned to take possession of the subject property.

72. Plaintiff alleges on information and belief that Defendants Haq, Keller Williams and the Braukmanns falsely represented to Plaintiff that she was obligated to lease the Subject Property in order to avoid any potential liability to the Braukmanns.

73. Defendants Haq, Keller Williams and the Braukmanns intended for Plaintiff to rely on those representations and Plaintiff justifiably relied upon those representations and signed the lease, to her detriment.

74. Plaintiff has suffered ascertainable loss as a result of the above referenced actions and unconscionable commercial practices in an amount not yet ascertained. Plaintiff will seek leave to amend this Complaint when such amount has been ascertained.

75. In addition, Defendants' actions alleged herein were oppressive, fraudulent, and willful and malicious, and on those grounds, plaintiff seeks an award of exemplary damages sufficient to punish and deter such conduct.

**WHEREFORE**, Plaintiff requests an entry of judgment:

(a) Awarding her actual damages;

(b) Awarding her statutory damages;

(c) Awarding her punitive and exemplary damages;

(d) Awarding attorney's fees and costs;

(e) Awarding any other relief as is just and equitable.

### FOURTH CAUSE OF ACTION NEGLIGENT MISREPRESENTATION
(**Against MCM Capital, BSI, Iftikhar Haq and Keller Williams**)

76. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

77. In or around early 2014, Defendant MCM and its servicing agent, BSI, represented to Plaintiff that she would not be able to reinstate her loan and that a short sale was the only way to resolve the pending foreclosure.

78. Furthermore, when Plaintiff attempted to apply for a loan modification she was told by a representative of MCM and/or BSI that she would be denied and that she had to proceed with the short sale.

79. Defendants MCM and BSI knew or should have known that Plaintiff could have qualified for a loan modification that would have allowed her to reinstate the loan on the subject property. Based on information and belief, Plaintiff alleges that MCM and BSI were aware of said facts and failed to disclose same to Plaintiff. Instead MCM and BSI concealed these facts and attempted to force Plaintiff into a short sale.

80. Plaintiff justifiably relied up on those representations and co-operated with the real estate agents (Haq and Keller Williams) assigned by MCM Capital to handle the short sale.

81. Defendants Haq, Defendant Keller and the Braukmanns represented to Plaintiff that she needed to carry through with the short sale and thereafter represented to Plaintiff that she was obligated to lease the property to the Braukmanns even though Plaintiff could have reinstated the loan and returned to take possession of the subject property.

82. Defendants Haq, Keller Williams and the Braukmanns knew or should have known that Plaintiff could have reinstated her loan and therefore did not need to complete the short sale nor lease the property to the Braukmanns.

83. Plaintiff justifiably relied upon those representations and signed the lease, to her detriment.

84. Plaintiff has suffered ascertainable loss as a result of the above referenced actions and unconscionable commercial practices in an amount not yet ascertained. Plaintiff will seek leave to amend this Complaint when such amount has been ascertained.

85. In addition, Defendants' actions alleged herein were oppressive, fraudulent, and willful and malicious, and on those grounds, plaintiff seeks an award of exemplary damages sufficient to punish and deter such conduct.

**WHEREFORE**, Plaintiff requests an entry of judgment:

(a) Awarding her actual damages;

(b) Awarding her statutory damages;

(c) Awarding her punitive and exemplary damages;

(d) Awarding attorney's fees and costs;

(e) Awarding any other relief as is just and equitable.

## FIFTH CAUSE OF ACTION FOR CIVIL CONSPIRACY
**(Against MCM Capital, BANA, BSI, Iftekhar Haq, Keller Williams, Freeman Jeffrey Smith and Coldwell Banker and the Braukmanns)**

86. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

87. In or around early 2014, Plaintiff alleges on information and belief that BANA retained Keller Williams Monmouth/Ocean to list the subject property for sale. Plaintiff alleges on information and belief that a contractual agency relationship was formed between BANA and Keller Williams and that Keller Williams was acting on the specific instructions of BANA.

88. Plaintiff alleges on information and belief that BANA instructed Keller Williams to sell the property to get Plaintiff out of the house as soon as possible. Accordingly BANA and Keller Williams devised a scheme to force a short sale of the subject property by informing Plaintiff that this was her only option.

89. Plaintiff alleges on information and belief that after acquiring the Note and Mortgage Defendants MCM Capital and its servicing agent continued the conspiracy with Keller Williams to force a short sale of the property.

90. MCM Capital and its servicing agent BSI furthered the conspiracy by continuing to falsely inform Plaintiff that her only option to resolve the foreclosure process was by a short sale.

91. Plaintiff further alleges on information and belief that MCM Capital, BSI, Iftekhar Haq, Keller Williams, Freeman Jeffrey Smith, Coldwell Banker and the Braukmanns conspired to force Plaintiff to lease the Subject Property to the Braukmanns and further to structure the lease in such a way as to create a perpetual interest in favor of the Braukmanns, thus effectuating the short sale that could not be accomplished otherwise,

92. Plaintiff further alleges on information and belief that the aforementioned plan was a scheme enacted by the Defendants, and each of them, to prevent Plaintiff re-taking possession of the

Subject Property, which would have exposed Defendants to liability as the Braukmanns were allowed to invest substantial funds in the property.

93. As a result of the actions of Defendants, and each of them, Plaintiff has been damaged in an amount not yet ascertained. Plaintiff will seek leave of Court to amend this pleading when such amount has been determined.

94. The actions of Defendants, and each of them, were malicious, oppressive, willful and fraudulent and on those grounds seek an award of exemplary damages sufficient to punish and deter such conduct.

**WHEREFORE**, Plaintiff requests that judgment be entered awarding her

(a) General and special damages according to proof; and

(b) Punitive and exemplary damages; and.

(c) All such relief as may deemed just and proper by this Court.

### SIXTH CAUSE OF ACTION FOR EVICTION
**(against William Braukmann and Kimberly Braukmann)**

95. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

96. Defendants William Braukmann and Kimberly Braukmann have been in possession of the Subject Property and have not paid any rent since December of 2016. As of the date of this Complaint nearly $15,000.00 in back rent is owed.

97. Pursuant to N.J.S.A. 2A:18-61.1(a), Plaintiff is entitled to Order Evicting the Defendants from the Subject Property and retuning possession of the Subject Property back to Plaintiff.

**WHEREFORE**, Plaintiff  requests that judgment be entered awarding her

(a) Possession of the Subject Property and evicting Defendants William Braukmann and Kimberly Braukmann from the Property; and

(b)  Attorney's Fees and costs; and

  (c) All such relief as may deemed just and proper by this Court.

            KIRSTEN B. ENNIS, LLC

          By: /s/ Kirsten B. Ennis_____
            Kirsten B. Ennis, Esq.
            Attorney for Plaintiff

Dated:  April 12, 2019

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

## SERVICE UPON ATTORNEY GENERAL

Service of a copy of the complaint in this matter is being made upon the Attorney General of the State of New Jersey, pursuant to the Consumer Fraud Act for the purpose of encouraging intervention, by mailing a copy of said complaint to New Jersey Attorney General, Richard J. Hughes Justice Complex, 25 Market Street, P.O. Box 080, Trenton, NJ 08625-0080.

          KIRSTEN B. ENNIS, LLC

          By: /s/ Kirsten B. Ennis
               Kirsten B. Ennis, Esq.
               Attorney for Plaintiff

Dated: April 12, 2019