**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARY CUDJOE, <br><br> Plaintiff, <br><br> v. <br><br> VENTURES TRUST 2013 I-H-R BY MCM CAPITAL PARTNERS, LLLP f/k/a MCM CAPITAL PARTNERS, LLC *et al.*, <br><br> Defendants. | Civ. No. 18-10158 <br><br> **OPINION** |
| WILLIAM BRAUKMANN and KIMBERLY BRAUKMANN, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> FAY SERVICING *et al.*, <br><br> Third-Party Defendants. | |

THOMPSON, U.S.D.J.

**INTRODUCTION**

This matter comes before the Court upon the Motions to Dismiss filed by Defendant Bank of America, N.A. ("Bank of America") (ECF No. 88) and Defendant BSI Financial Services ("BSI") (ECF No. 94) (collectively, "Moving Defendants"). Plaintiff Mary Cudjoe ("Plaintiff") opposes both Motions. (ECF Nos. 96, 102.) The Court has decided the Motions on the written submissions of the parties, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, each Motion is granted in part and denied in part.

1

**BACKGROUND**

As the facts of this case are familiar to the parties and have been described at greater length elsewhere (*see* 1st Mot. to Dismiss ("MTD") Op. at 2–4, ECF No. 44; 2d MTD Op. at 2–4, ECF No. 64), the Court will provide only a brief summary of Plaintiff's contentions. Plaintiff's property was encumbered by a note and mortgage. (2d Am. Compl. ¶¶ 15, 17, ECF No. 79.) The note and mortgage were first held by Defendant Bank of America and were eventually serviced by Defendant BSI. (*Id.* ¶¶ 17, 25.) When Plaintiff first fell into arrears, various Defendants falsely told her that she could not receive a loan modification and attempted to force her into a short sale. (*Id.* ¶¶ 24, 26–35, 55.) When a short sale proved infeasible, various Defendants forced Plaintiff to lease the property to Defendants William and Kimberly Braukmann. (*Id.* ¶¶ 40, 43–52.)

Plaintiff filed the initial Complaint on June 5, 2018. (ECF No. 1.) Since then, the Court has decided several motions to dismiss. On February 26, 2019, the Court granted in part and denied in part a Motion to Dismiss filed by Defendant Bank of America. (1st MTD Order, ECF No. 43.) On April 12, 2019, Plaintiff filed an Amended Complaint. (ECF No. 54.) On May 15, 2019, the Court granted in part and denied in part a Motion to Dismiss the Amended Complaint brought by Defendant Ventures Trust 2013 I-H-R by MCM Capital Partners, LLLP, formerly known as MCM Capital Partners, LLC ("Ventures Trust"). (2d MTD Order, ECF No. 64.)

Plaintiff filed the Second Amended Complaint on May 22, 2019 (ECF No. 66) but later realized she had submitted an incorrect version (*see* Letter, ECF No. 74) and filed a corrected version on June 14, 2019 (ECF No. 79). The Second Amended Complaint alleges the following causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, against Defendant BSI (2d Am. Compl. ¶¶ 56–61); (2) violation of the New Jersey

Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-2, against Defendants Bank of America and BSI (2d Am. Compl. ¶¶ 62–69); (3) fraud in the inducement against Defendant BSI (*id.* ¶¶ 70–78); (4) negligent misrepresentation against Defendant BSI (*id.* ¶¶ 79–87); and (5) civil conspiracy against Defendants Bank of America and BSI (*id.* ¶¶ 88–97).[1] On July 22, 2019, the Court issued a Memorandum Order addressing a Motion to Dismiss the Second Amended Complaint brought by Defendant Ventures Trust. (ECF No. 95.)

Defendant Bank of America filed its Motion to Dismiss on June 28, 2019. (ECF No. 88.) Plaintiff opposed on July 22, 2019 (ECF No. 96), and Defendant Bank of America replied on July 26, 2019 (ECF No. 98). Defendant BSI filed its Motion to Dismiss on July 22, 2019.[2] (ECF No. 94.) Plaintiff opposed on August 7, 2019 (ECF No. 102), and Defendant BSI replied on August 12, 2019 (ECF No. 106). These Motions are presently before the Court.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*; *see also Iqbal*, 556 U.S. at 679. Finally, the court must

---

[1] The Second Amended Complaint also alleges claims against non-moving Defendants. (*See id.* ¶¶ 56–100.)
[2] This Motion is untimely. The parties stipulated to a deadline of July 22, 2019 (*see* Stipulation, ECF No. 70), but the Court instead ordered a deadline of June 14, 2019 (Letter Order, ECF No. 73). Nevertheless, the Court will address the untimely filed Motion on its merits.

3

assume the veracity of all well-pleaded factual allegations and "determine whether the facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *see also Malleus*, 641 F.3d at 563. If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Allegations of fraud require more detailed pleading. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 85–86 (3d Cir. 2015) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004)). The particularity standard ensures that "defendants [are placed] on notice of the precise misconduct with which they are charged, and [are safeguarded] against spurious charges of immoral and fraudulent behavior." *Id.* (citing *Lum*, 361 F.3d at 223–24).

## DISCUSSION

Much of the ground of the present Motions to Dismiss has already been trod in previous Opinions, particularly in the Court's February 26, 2019 Opinion. (*See* 1st MTD Op. at 5–9.) The Court therefore incorporates its prior reasoning and addresses in detail here only novel issues.

### I. Count 1: Plaintiff's FDCPA Claim is Barred by the Statute of Limitations

The Court has already found,

> An FDCPA claim must be brought within one year of the alleged violation. The latest arguably relevant event of the Complaint occurred on September 6, 2016, when Plaintiff signed the lease with Braukmann Defendants; false or misleading representations in violation of FDCPA, § 1692e, would have occurred before that date. The Complaint was filed June 5, 2018, well over a year later and therefore

4

outside the limitations period provided by statute.

(1st MTD Op. at 5 (internal citations omitted); *see also* 2d MTD Op. at 8 (quoting the same language).) As explained in the Court's previous Opinion, equitable tolling and the continuing violation doctrine are inapplicable to this action. (1st MTD Op. at 5–6.) And Plaintiff's argument that "the acts and omissions of [some] Defendants extended well into 2017" (Pl.'s Opp'n to Def. BSI's MTD at 7) has already been considered and rejected. (2d MTD Op. at 8 n.4.) Plaintiff's FDCPA claim is therefore dismissed due to the statute of limitations.

## II. Count 2: Plaintiff States a Claim Under the NJCFA

The Court has previously found that the allegations contained in previous Complaints have stated a claim under the NJCFA. (*See* 1st MTD Op. at 6–7; 2d MTD Op. at 8–9; Mem. Order at 1–2.)[3] Here, Moving Defendants make three new arguments for why Plaintiff's NJCFA claim should be dismissed; none are persuasive.

First, Defendant Bank of America argues that Plaintiff fails to plead intent. (Def. Bank of America's MTD at 6–8.) But under the NJCFA, "[o]ne who makes an affirmative misrepresentation is liable even in the absence of knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 365 (N.J. 1997).[4]

Second, Moving Defendants claim that Plaintiff fails to plead an ascertainable loss. (Def.

---

[3] The Court has specifically rejected the argument, now advanced by Defendant BSI, that the economic loss doctrine bars this claim. (*See* Def. BSI's MTD at 9–10; 1st MTD Op. at 7 n.4.)
[4] Defendant Bank of America's citations to the contrary make only passing mention of intent. *See Real v. Radir Wheels, Inc.*, 969 A.2d 1069, 1079 (N.J. 2009) (concluding that individual "intentionally had engaged in unconscionable commercial practices" but not otherwise discussing intent); New Jersey Model Civil Jury Charge 4.43 at 6 (revised Dec. 2011) ("A 'misrepresentation' is a statement made to deceive or mislead."). These stray remarks are not enough to shake *Gennari*'s thoughtful discussion concluding that intent is not required to show a misrepresentation under the NJCFA. *See Gennari*, 691 A.2d at 365–66.

Bank of America's MTD at 8–9; Def. BSI's MTD at 8–9.) A loss of title or equity in one's residence suffices to establish ascertainable loss. *D'Agostino v. Maldonado*, 78 A.3d 527, 542 (N.J. 2013). And the loss "must be presented with some certainty demonstrating that it is *capable of calculation*," rather than being "hypothetical or illusory." *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 792–93 (N.J. 2005) (emphasis added). Thus, at the motion-to-dismiss stage, a plaintiff need only show that she suffered a loss that is ascertain*able*; she is not required to *actually ascertain* the loss by presenting a specific dollar amount. In this case, Plaintiff claims to have lost the use of her residence. (2d Am. Compl. ¶ 50.) Such a loss is clearly capable of calculation, so Plaintiff adequately alleges an ascertainable loss.

Finally, Moving Defendants assert that Plaintiff has not pled causation to connect Moving Defendants' alleged conduct with Plaintiff's loss. (Def. Bank of America's MTD at 9; Def. BSI's MTD at 9–10.) To the contrary, the Second Amended Complaint states that various Defendants misled Plaintiff so that she would lease her property and that, as a result, she leased the property and now no longer has the use or enjoyment of it. (2d Am. Compl. ¶¶ 46–47, 52.) Defendant Bank of America argues that "the subsequent alleged acts of the other defendants have broken the chain of causation" between Defendant Bank of America's actions and Plaintiff's loss. (Def. Bank of America's MTD at 9.) But Plaintiff alleges that various Defendants worked simultaneously and in a coordinated fashion to deprive her of her property. (*See, e.g.*, *id.* ¶ 52.) For these reasons, Plaintiff has stated a claim as to Count 2.

### III. Counts 3 and 4: The Economic Loss Doctrine Bars Plaintiff's Claims for Fraud in the Inducement and Negligent Misrepresentation

Defendant BSI seeks to dismiss Plaintiff's fraud in the inducement and negligent misrepresentation claims. These claims were previously dismissed against other Defendants due

to the economic loss doctrine. (1st Op. at 7–9.) As the Court explained at the time, "the economic loss doctrine provides that, when parties have entered into a contract, contract law rather than tort law governs disputes within the subject matter of the contract, and a party cannot use a tort claim to bypass the legal relationship created by the contract." (Op. at 7 (citing *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280–81 (N.J. 2002)).)

Here, Defendant BSI does not explicitly raise the economic loss doctrine as a reason to dismiss these counts. However, Defendant BSI does discuss the duties giving rise to the relevant causes of action. (*See, e.g.*, Def. BSI's MTD at 11 ("[P]laintiff is required to also plead the existence of a duty to disclose."),13 ("An essential element [is] that the defendant owed a duty of reasonable care in communication. [Additionally,] a lender has no fiduciary duty to negotiate a forbearance or modification.").) The economic loss doctrine is based on the premise that contracting parties typically do not owe each other legal duties outside of those provided by contract law. *Saltiel*, 788 A.2d at 279 ("[P]laintiff has not pled and supported a cause of action sounding in tort, and has failed to establish that [defendants] owed an independent duty to plaintiff outside the scope of the contract . . . ."). Simply put, the Court cannot discuss Defendant BSI's duties to Plaintiff without bumping into the economic loss doctrine, particularly given the Court's obligation to make consistent legal rulings within a single case. *See Krys v. Aaron*, 106 F. Supp. 3d 472, 480 (D.N.J. 2015) (summarizing the law of the case doctrine).

As decided previously, Defendant BSI's obligations to Plaintiff arose from contract law, so the economic loss doctrine bars the tort claims of fraud in the inducement[5] and negligent misrepresentation.

---

[5] As the Court noted in its prior Opinion, the economic loss doctrine does not bar *all* fraud in the inducement claims, but it does bar such claims in the kinds of factual scenarios asserted by Plaintiff. (1st Op. at 7–8.)

## IV. Count 5: Plaintiff Fails to State a Claim for Conspiracy

The Court's first Motion to Dismiss Opinion stated:

> Civil conspiracy occurs when "two or more persons act[] in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and [commit] an overt act that results in damage." However, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice" to overcome a motion to dismiss. In this case, the Complaint says only that Defendant Bank of America and others "conspired to force Plaintiff to lease the subject property to [Braukmann Defendants]." Without further factual details showing an agreement, Plaintiff's conspiracy claim fails.

(1st MTD Op. at 9 (internal citations omitted); *see also* 2d MTD Op. at 10 (quoting some of the same language and arriving at the same conclusion).) The Second Amended Complaint uses the same conclusory language of "conspiracy." (2d Am. Compl ¶¶ 91–94 (alleging that various Defendants "conspired," "continued the conspiracy," and "furthered the conspiracy").) Additionally, it states that Defendant Bank of America "devised a scheme" with Defendant Keller Williams Monmouth/Ocean ("Keller Williams") (*id.* ¶¶ 90, 95 (asserting "a scheme enacted by the Defendants")), but this language gets us no farther than the term "conspiracy" does. The Second Amended Complaint also states that "a contractual agency relationship was formed" between these two Defendants and that "[Defendant] Keller Williams was acting on the specific instructions of [Defendant Bank of America]." (*Id.* ¶ 89.) While these allegations could help to show a conspiracy, important factual details are still missing: the parameters of the contractual agency relationship, when it was formed, whether it was established in some written document, what Defendant Bank of America's specific instructions were, when they were made,

8

and whether they were in writing.[6] Without facts answering at least some of these questions, Plaintiff's general statements do not amount to stating a claim for conspiracy.

## **CONCLUSION**

For the foregoing reasons, the Motions to Dismiss are granted in part and denied in part. An appropriate Order will follow.

Date:   8/16/19                                              /s/ Anne E. Thompson
                                                                                ANNE E. THOMPSON, U.S.D.J.

---

[6] Plaintiff alleges that "[Defendant Bank of America] instructed [Defendant] Keller Williams to sell the property to get Plaintiff out of the house as soon as possible." (2d Am. Compl. ¶ 90.) It is not clear whether these are the specific instructions previously mentioned.